UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14111-CIV-MARTINEZ/LYNCH

PATRICIA LYNN HUNT,

    Plaintiff,

v.

KEY BANK USA, N.A., KEY EDUCATION RESOURCES,
a division of Key Bank USA, N.A., GREAT LAKES
EDUCATIONAL LOAN SERVICES, INC., STUDENT LOAN
EXPRESS, ARI BEN AVIATOR, INC., MICHEL COHEN
INVESTMENTS, AND COLLEGE OF AVIATOR AERONAUTICAL
SCIENCE AND TECHNOLOGY,

    Defendants.
_____/

FILED by ___ D.C.
AUG 27 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON THE FLIGHT SCHOOL DEFENDANTS' MOTION TO DISMISS (DE 18) AND ON THE KEY BANK DEFENDANTS' MOTION TO DISMISS (DE 31)

**THIS CAUSE** comes before this Court upon the above Motions. Having reviewed the Motions, the Plaintiff's responsive pleadings (DE 39 & 40 filed in this case and DE 55 & 56 filed in 09-14093-CIV), the Replies, and the pertinent portions of the record, this Court recommends as follows:

    1.    The Plaintiff, proceeding pro se, essentially re-asserts claims for relief against the above Defendants, claims that she first raised in <u>Hunt v. Key Bank USA, N.A., et al.</u>, Case No. 09-14093-CIV-Martinez/Lynch. The Plaintiff's Complaint has two parts. The first, brought against the "Key Bank Defendants", concerns the student loans that they made to her. The second is

brought against the flight school that she attended and its operators, the "Flight School Defendants".

2.  By way of general background, gleaned from the present record as well as the previous case, the Plaintiff entered the flight school in June 2003, and she paid for her tuition with a Key Bank student loan that the school had promoted. She signed a Master Student Loan Promissory Note in May 2003 for $35,000. There were some irregularities in the processing of the loan not at issue here. At some point the flight school wrote an open letter confirming the Plaintiff's enrollment for September 2004, with a tentative graduation date of August 2005; the total cost of tuition was estimated at $60,000. While in school, the Plaintiff began encountering problems with the quality of the instruction.

3.  Then, in October 2005, the Plaintiff had a slip-and-fall accident at a department store which became subject of a personal injury lawsuit. Because of the injury, her instruction to be limited to ground school. That November the flight school wrote the Plaintiff's personal injury attorney to confirm her enrollment in just one single engine pilot course with no contract for further training. In March 2006 the flight school had dropped her as a student. In its letter to her, the flight school explained that she was expelled for failing to continue with her schooling and for requesting it to provide false

information for her personal injury lawsuit. Eventually the flight school returned $5,000 of unused balance of her student loan to Key Bank.

4. The Plaintiff's first case was dismissed for lack of subject matter jurisdiction. There also was a question of whether the lawsuit against the Key Bank Defendants should be brought in Ohio. The Defendants now move to dismiss the present case. The Key Bank Defendants again seek dismissal under Rule 12(b)(3) for improper venue, but they also seek dismissal under Rule 12(b)(6) for failure to state a claim and for various pleading deficiencies. The Flight School Defendants seek dismissal for failure to state a claim and for various pleading deficiencies. They do not argue lack of subject matter jurisdiction. In reviewing the Defendants' Motions to Dismiss, this Court accepts the Plaintiff's factual allegations as true. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1183 (11th Cir. 2002).

5. Before considering the arguments for dismissal, this Court addresses some preliminary issues beginning with the Motions to Strike that the Defendants incorporate into their respective Motions to Dismiss. Attached to the Plaintiff's Complaint is what appears to be a portion of a scholarly work regarding student loan scams and improprieties affecting students who attend trade schools. This Court was unable to find a published version of this scholarly work, although this Court

did find other articles that discuss the same and similar problems. See, e.g., Patrick F. Linehan, Dreams Protected: A New Approach to Policing Proprietary Schools' Misrepresentations, 89 Geo.L.J. 753 (2001). The Defendants move under Rule 12(f) to strike this attachment for being immaterial, impertinent, or scandalous. The request is denied. Nothing of the attachment meets the Rule 12(f) standard for striking a pleading. To the contrary, the attachment gives insight into the nature of the Plaintiff's theory of relief.

6. The Defendants also move under Rule 12(e) for a more definite statement. The Complaint, and other filings such as the detailed case statement that the Plaintiff provides at DE 42, may not be the clearest, but it does appear that she at least put forth an effort to comply with notice pleading requirements. Moreover the Complaint is not so muddled as the Defendants' portray. The fundamental nature of her Complaint and the outlines of her clams are discernable. Therefore, at least for present purposes, this Court will proceed with its analysis on the pleadings such as they are.

7. This Court begins with the Key Bank Defendants. The Plaintiff alleges different types of wrongdoing in the processing of her student loan. She alleges various breaches of contract or private agreement. Her allegations are not entirely consistent on this point, but this Court discerns the following claim: The bank

disbursed the full loan amount to the flight school despite her request (or even in breach of a side contract) to disburse it only in $5,000 increments, presumably on a semester-by-semester or similar basis. By releasing the full amount (or by releasing disbursements on an unauthorized basis), the Key Bank Defendants loaned more money than actual tuition costs incurred due to the fact that she did not complete the program. The Key Bank Defendants then refused to tell her of the total loan amount until several years later. The Plaintiff also alleges that the Key Bank Defendants breached a contract that protects borrowers should they become disabled. They refused to honor her disability claim after her slip-and-fall injury.

8.   The Plaintiff alleges that the Key Bank Defendants engaged in predatory lending behavior in violation of consumer protection laws. Namely, they have harassed the Plaintiff's family and discussed the loan in full detail with them who are third parties to the loan. The Plaintiff alleges that they have violated the "Holder Rule" that protects consumers from paying a loan when the underlying service (what the loan money purchased) was never delivered and the lender and service provider have a close relationship. See 16 C.F.R. § 433.2. See also, Diaz v. Paragon Motors of Woodside, Inc., 424 F.Supp.2d 519 (E.D.N.Y. 2006) and 2 Consumer Law Sales Practices and Credit Regulations § 607 (discussing the FTC's Holder Rule). Lastly the Plaintiff

alleges that the Key Bank Defendants have not honored their discovery obligations by refusing to produce requested documents and records.

9. The Key Bank Defendants object to the sufficiency of the service of process on them. However they did not object to service of process when the Complaint was pending in State Court. Rather they raise the argument now, after having removed the case to this Court. Whether or not service of process was sufficient this Court does not decide. The more dispositive point of inquiry is whether the Complaint against them should have been brought in Florida in the first place.

10. The Master Student Loan Promissory Note, which the Plaintiff signed, contains a forum selection cause. It provides that "any suit" that the Plaintiff brings against the lender "must be brought in a court of competent jurisdiction in the county in which" the lender maintains its principal place of business. That provision not only identifies the State of Ohio as the lender's principal place of business, but it states that the loan contract was formed in Ohio, as well.

11. A forum selection clause, the product of a freely negotiated contract, is presumed valid, and there are only limited circumstances when its enforcement would be prohibitively unreasonable. See Green Island Holdings, LLC v. British Am. Isle of Venice Ltd., 2009 WL 1730954, *1 (S.D. Fla. 2009) (citing M/S

Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). One such circumstance is when "the plaintiff effectively would be deprived of [her] day in court because of the inconvenience or unfairness of the chosen forum". See Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1292 (11th Cir. 1998). That is, "that trial in the contractual forum will be so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of [her] day in court.'", Woods v. Christensen Shipyards, Ltd., 2005 WL 5654643, *8 (S.D. Fla. 2005) (citing Bremen, supra). This Court does not find that any of the other Lipcon circumstances, such as fraud, apply and hence need not be addressed.

12.  The Plaintiff does complain of the cost of trying to sue the Key Bank Defendants in Ohio and her very limited financial means, a situation that does bear some relation to the student loan issue. The Plaintiff then essentially restates this point when she asserts her constitutional rights to a fair trial and due process, which this Court presumes to mean that she would lose were she financially unable to bring suit in Ohio. This Court does not doubt the Plaintiff's limited financial means and is sympathetic with the added burden that litigating in Ohio would present. Nor does this Court find the Key Bank Defendants' reliance on the Woods case informative since the plaintiffs there, "Tiger" Woods and his wife, have obviously greater

financial resources (to bring suit against the builder of their yacht) than the Plaintiff does here. Be that as it may, this Court does not find the Plaintiff's financial situation to pose the sort of prohibitive inconvenience contemplated by <u>Bremen</u>. For one, as the <u>Woods</u> Court further discusses, <u>Bremen</u> spoke of inconvenience in the sense of "a remote alien forum", where "the term 'alien' [refers] to a foreign nation, not a state within the United States". <u>Woods</u>, 2005 WL 5654643 at *9. Ohio, while geographically distant, does not constitute this sort of a remote forum. It is still feasible for the Plaintiff to litigate there, more so if she does so as part of a class action as she styles her pleadings.

    13.  Secondly it must be remembered that the parties did choose Ohio as the forum, and this must be given effect. The Plaintiff counters that she affirmatively objected to the promissory note's forum selection clause, although she proffers no evidence of such. Assuming this averment, however conclusory, is true, only reinforces this Court's finding. The Plaintiff did not immediately receive her loan money after first applying. Rather there was an extended period when she had to correct certain reporting errors before the lender would release the funds. Moreover she engaged in negotiations over other matters, namely, the terms of disbursement. When viewed on the whole, these facts demonstrate that she did actively negotiate with the

Key Bank Defendants before the loans were made. It follows therefrom that any dispute over the forum selection clause that she might have had did not prevent her from ultimately accepting the Key Bank Defendants as her lender. Moreover her initial concerns over the forum selection clause shows that she already was cognizant of the potential for inconvenience at the time when she finally did accept the loan money.

  14. Another potential source of inconvenience is when enforcement of the forum selection clause would result in parallel suits in separate fora. This was the reason why the Woods Court, supra, did not enforce the forum selection clause at issue there. See also, British Marine Luxembourg, S.A. v. Deep Sea Financing, LLC, 2010 WL 1960994, (S.D.Ga. 2010). This is a point not raised by the Plaintiff, but this Court does observe, as is obvious, some interrelation between her suit against the Key Bank and Flight School Defendants. It may not be possible to join the Flight School Defendants who are based in Florida with the Key Bank Defendants in Ohio. Compare Green Island, 2009 WL 1730954 at *1 (suggesting that the plaintiff bring all of its counts in the contractual forum). However the interrelationship is not so great that it would make splitting the case impractical and judicially inefficient. Application of the Holder Rule, moreover, should operate to preserve the Plaintiff's claims and defenses against both sets of Defendants.

15. Consequently this Court finds no good cause for ignoring the forum selection cause. At least one other court has reached the same decision. See Meyers v. Keycorp., 2008 WL 2557991 (W.D.Okla. 2008) (transferring the student's loan dispute against the Key Bank Defendants to the U.S. District Court for the Northern District of Ohio). Thus this Court recommends that the Key Bank Defendants' Motion to Dismiss for Improper Venue under Rule 12(b)(3) be granted. Because forum is not proper here, this Court does not consider whether the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

16. Having resolved the Key Bank Defendants' Motion, this Court turns to the Flight School Defendants. The Plaintiff's claims against these Defendants still concern the educational loan, just from their role as the school. The Plaintiff's various claims sound in fraud, misrepresentation, breach of contract, theft, and accounting. First the Plaintiff alleges that the Flight School Defendants mishandled her loan money. She says that the Flight School Defendants denied receiving the full loan disbursement when in fact they had. They also requested additional loan money without the Plaintiff's authorization. They then refused to return unused loan money to the Key Bank lender, holding it from October 1, 2005 until March 2006, all the while earning interest thereon. She alleges that they paid the Key Bank Defendants a kickback for sending the Plaintiff their way.

17. Second the Plaintiff alleges that the Flight School Defendants breached their obligation to provide instruction, a claim which she also couches in terms of false advertizing, unfair and deceptive trade practices, and "bait and switch". Namely, they did not provide the instruction of promised quality (or allow her to complete the program) despite receipt of the full loan disbursement. Rather they delayed her studies thereby driving tuition costs higher or generally failed to provide quality instruction and training. They even denied any contract with the Plaintiff, and they refused to refund the loan money to Key Bank based on her dissatisfaction with the school program. Third the Plaintiff alleges that the Flight School Defendants refused to produce documents as required by "FERPA" which presumably refers to 20 U.S.C. § 1221, et seq.

18. The dispositive question here is whether a federal court has subject matter jurisdiction to hear the Plaintiff's claims against the Flight School Defendants. In the previous case, this Court found that it did not, explaining that "the Plaintiff states no violation of federal law and the allegations suggest at best a contract claim which arises under state law." Although the Plaintiff's claims are more developed now, this Court ssees no reason to depart from that finding: the Plaintiff's claims still sound in Florida state law and should be heard in Florida state court. Buried in the Plaintiff's pleadings

is reference to the case of <u>Brown v. LaSalle Northwest Nat. Bank</u>, 820 F.Supp. 1078 (N.D.Ill. 1993), a federal civil RICO case, but this bare mention is insufficient to convey federal jurisdiction. Therefore this Court recommends that the case against the Flight School Defendants be remanded back to State Court, where the Plaintiff had filed it in the first place. Whether the Plaintiff adequately states her claims for relief will have to be decided by the court with proper jurisdiction.

**ACCORDINGLY**, this Court recommends to the District Court that the Motions to Dismiss be **GRANTED, in part**. This Court recommends that the Key Bank Defendants' Motion to Dismiss be **GRANTED** on improper venue grounds and that the Plaintiff's Complaint against them either be dismissed without prejudice to re-file or be transferred to Ohio. This Court recommends that the Flight School Defendants' Motion to Dismiss be **GRANTED, in part**, on the <u>sua sponte</u> ground of lack of federal subject matter jurisdiction, and that the Plaintiff's Complaint against them be **REMANDED** to State Court.

This Court further recommends that the Motions to Dismiss be **DENIED** in every other respect, including the Defendants' respective Motions to Strike.

The parties shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 27th day of August, 2010.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Michael K. Spotts, Esq.
    Scott A. Burr, Esq.

    Patricia A. Hunt, pro se
    1806 35th Ave.
    Vero Beach, FL 32960