UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

**Case Number:10-14111-CIV-MARTINEZ-LYNCH**

PATRICIA LYNN HUNT,

     Plaintiff,

vs.

KEY BANK USA, N.A., et al.,

     Defendants.

_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE LYNCH'S REPORT AND RECOMMENDATION, DISMISSING CERTAIN DEFENDANTS, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT

THE MATTER was referred to the Honorable Frank J. Lynch, United States Magistrate

Judge for a Report and Recommendation on Defendants Michael Cohen Investments, Ari Ben

Aviator, Inc., College of Aviator Aeronautical Science and Technology's motion to dismiss,

motion for more definite statement, and motion to strike (D.E. No. 18) and Defendants KeyBank

USA, N.A., Key Education Resources, and Great Lakes High Education Corporation's motion to

dismiss, motion to strike, and motion for a more definite statement (D.E. No. 31). Magistrate

Judge Lynch filed a Report and Recommendation (D.E. No. 60), recommending that the motions

to dismiss be granted in part.  Specifically, Magistrate Judge Lynch recommended that KeyBank

USA, N.A., Key Education Resources, and Great Lakes High Education Corporation's motion to

dismiss be granted on improper venue grounds and that Plaintiff Patricia Hunt's ("Plaintiff")

complaint as to these three Defendants be dismissed without prejudice to refile or that it be

transferred to Ohio.  Magistrate Judge Lynch also recommended that Michael Cohen

Investments, Ari Ben Aviator, Inc., and the College of Aviator Aeronautical Science and

Technology's motion to dismiss be granted in part on the sua sponte ground of lack of federal

subject matter jurisdiction and that Plaintiff's complaint against these defendants be remanded to

state court.  The Court has reviewed the entire file and record and notes that Plaintiff and

Defendants Michael Cohen Investments, Ari Ben Aviator, Inc., and the College of Aviator

Aeronautical Science and Technology have filed objections[1] to Magistrate Judge Lynch's Report

and Recommendation.  The Court has made a *de novo* review of the issues that the objections to

Magistrate Judge Lynch's Report and Recommendation present.  After careful consideration, the

Court adopts in part Magistrate Judge Lynch's Report and Recommendation.

## I.        Factual Background

Plaintiff, who is proceeding pro se, filed a complaint in the Circuit Court for the

Nineteenth Judicial Circuit in and for Indian River County, Florida.[2]  The complaint is

convoluted and confusing.  It appears that Plaintiff alleges she was admitted to a flight school

operated by Defendants Ari Ben Aviator, Inc. and Michael Cohen Investments and currently

---

[1]The Court notes that it finds the objections filed by Michael Cohen Investments, Ari Ben Aviator, Inc., and the College of Aviator Aeronautical Science and Technology to be insignificant. These defendants object to Magistrate Judge Lynch stating in the Report and Recommendation that $5000 was returned to Plaintiff from the flight school.  These defendants state that $9,242.99 was actually returned to Plaintiff.  Magistrate Judge Lynch, however, was not making any sort of binding factual finding in stating this.  Nor was this statement of any consequence to the findings or recommendations made by Magistrate Judge Lynch.  Thus, the Court declines to further discuss the objections filed by these Defendants.

[2]Plaintiff previously filed a case in this Court, case number 09-cv-14093-MARTINEZ/LYNCH, which was dismissed for lack of subject matter jurisdiction.  The complaint in this case appears to be based on the same facts but possibly somewhat more narrowly tailored than the complaint in the first case.  Regardless, the Court has recited the facts as they appear in the complaint pending before the Court in this case.

operating as Defendant College of Aviator Aeronautical Science and Technology.  She further alleges that Ari Ben Aviator, Inc. "coerced" her and other students to apply for loans from Key Bank.[3]  *Id*. at 11.  She alleges that Ari Ben Aviator, Inc. received kickbacks for encouraging the students to sign up for these loans.  *Id*.  Plaintiff eventually signed up for and received a loan from Key Bank.  Plaintiff alleges that the loan was to be distributed to the flight school in $5000 increments with her signing off on "each and every amount."  *Id*. at 12.  However, the entire amount of the loan was disbursed to the flight school.  *Id*. at 10.  Plaintiff alleges that the flight school denies receiving the entire loan.  *Id*.  She also alleges that Ari Ben Aviator, Inc. and Michael Cohen Investments requested additional funds without her authorization.  *Id*. at 11.  Plaintiff also alleges that the full amount of the loan was never disclosed to her.

At some point, Plaintiff had an accident and was injured.  *Id*. at 7.  It appears she did not continue in flight school.  *Id*.  She asked the school to return the money to Key Bank, but the school retained the money for some time.  *Id*.  It is unclear if some or any money was ever returned to Plaintiff or Key Bank.  She states that this incident has ruined her credit, resulted in her family being threatened and that she now owes Key Bank approximately $100,000.00.  *Id*. at 1, 10, 13.

In her complaint, Plaintiff alleges claims of civil theft, "fraud/ bank fraud/ Truth and [sic] Lending Act," "money paid," deceptive and unfair trade practices/false advertising, "civil penalties," "Florida Deceptive and Unfair Trade Practices Act 501.203 (3) (A,B,C) (4,5,6, 8),"

---

[3]Plaintiff uses the  names "Key Bank National" and "Key Educational Resources" throughout her complaint which the Court assumes refers to Defendants Key Bank National, N.A., and Key Education Resources.  Because it is unclear which of these Defendants Plaintiff is referring to in her specific allegations or if she is referring to both Defendants the Court in its factual recitation has simply referred to Key Bank.

"Unlawful Acts and Practices 501.204," "Bait and Switch," breach of contract, and "fair credit rights." *See* (D.E. No. 1 at 7-13).  The basis of each claim is unclear.  For example, the claims labeled "civil penalties," "Florida Deceptive and Unfair Trade Practices Act" and "Unlawful Acts and Practices" contain no factual allegations relating to them at all.  It is also unclear whether all claims are asserted against all Defendants or whether only certain claims are asserted against certain Defendants.  Plaintiff seeks damages, apparently compensatory and punitive, and costs.  *See* (D.E. No. 1 at 9, 10 ).

Defendants Key Bank USA, N.A. and Key Education Resources removed this action to this Court, stating that removal is proper "pursuant to 28 U.S.C. § 1331, federal question subject matter jurisdiction.  The Complaint specifically alleges that Defendants . . . violated the Federal Truth and [sic] Lending Act, 15 U.S.C. § 1601 *et seq*. and the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*."  (D.E. No. 1 at 2).  The Court now considers Plaintiff's complaint, Defendants' motions, Magistrate Judge Lynch's Report and Recommendation, and the objections to this Report.

## II.    Analysis

### A.    Defendants Not Named in Plaintiff's Complaint

First, three Defendants, Educational Loan Service, Inc., Great Lakes Higher Education Corporation, and Student Loan Express, are not mentioned anywhere in the complaint.  Thus, no claims are asserted against these Defendants.[4]  For this reason, these Defendants are dismissed.

---

[4]The Court also notes that there is also no indication that Defendants Educational Loan Service, Inc. and Student Loan Express have ever been served.

### B.    Improper Venue

Magistrate Judge Lynch has recommended that the claims against Defendants Key Bank National, N.A., Key Education Resources, and Great Lakes Higher Education Corporation should be dismissed because of a forum selection clause in the promissory note.  Plaintiff has filed several different papers, which the Court has considered as objections.  *See* (D.E. Nos. 67, 69, 70, 76, 77).   In these papers, however, Plaintiff has not filed any specific objection to the recommendation that this case be dismissed or transferred based on improper venue.  She does state that she wants the whole case remanded to Florida state court, and she also makes conclusory statements that she "will not receive 'due process' in Ohio court nor will all the witnesses be able to afford to travel to Ohio and testify."  (D.E. No. 69 at 7).  The Court, however, finds that Magistrate Judge Lynch has adequately addressed these concerns and agrees with his conclusion that the forum selection clause is enforceable.  *See* (D.E. No. 60 at 6-10).  Thus, for the reasons stated in Magistrate Judge Lynch's Report and Recommendation, the Court dismisses the case asserted against Defendant Key Bank USA., N.A for improper venue without prejudice to Plaintiff filing this action in Ohio.

The Court, however, does not adopt Magistrate Judge Lynch's Report and Recommendation on this issue as it pertains to Defendants Key Education Resources and Defendant Great Lakes Higher Education Corporation.  First, the Court has already dismissed the case against Defendant Great Lakes Higher Education Corporation as no claims have been asserted against it.  However, there is no evidence that Defendant Great Lakes Higher Education Corporation or Defendant Key Education Resources are a party to the promissory note where the forum selection clause is located.  *See* (D.E. No. 31-3). The note states that it is between Plaintiff

and Key Bank, USA, National Association and its successors and assigns.  The other Defendants

are not listed as parties to the agreement, and there is no evidence showing they are somehow a

successor or an assignee.  Thus, only the claims against Key Bank USA, N.A. are dismissed

without prejudice for improper venue.

### C.    Subject Matter Jurisdiction

Next, Magistrate Judge Lynch also recommended that the claims brought against

Defendants Ari Ben Aviator, Inc, Michael Cohen Investments, and College of Aviator

Aeronautical Science and Technology be dismissed for lack of subject matter jurisdiction.  This

Court disagrees.  As stated above, it is unclear what claims are asserted against what Defendants

in this case.  It is, however, clear that at the time this case was removed to this Court, Plaintiff

alleged violations of federal law in her complaint.  *See* (D.E. No. 1 at 2, 10, 13).[5]  Thus, this

Court does not lack subject matter jurisdiction over this case.  Even if the federal claims are

eventually dismissed or abandoned, this Court may retain supplemental jurisdiction over pendent

state law claims.  The Court may in its discretion decline to exercise supplemental jurisdiction

over these pendent state law claims if all of the federal claims are dismissed before trial.  *See*

*Raney v. Allstate Ins. Co.*, 370 F. 3d 1086, 1088-89 (11th Cir. 2004).  At this time, however, all

of the federal claims are not being dismissed with prejudice and thus, the Court does not reach

this issue.  Thus, the Court does not adopt Magistrate Judge Lynch's Report and

---

[5]It is equally clear that at least one of these claims, the Truth in Lending Act ("TILA")
claim, where Plaintiff alleges that Defendant or Defendants failed to disclose the total amount of
her loan, is a viable claim under the federal act.  *See* 15 U.S.C. § 1638.  The Court uses the term
"viable" to mean that it is the type of claim that can be asserted under TILA.  It is not clear if this
claim has merit, if it is timely, or if it can be properly asserted against whomever Plaintiff is
trying to assert it against.

Recommendation on this point.

### D.    Failure to State a Claim/ More Definite Statement

The Court does find that in considering the complaint that it is so poorly pleaded that it is impossible for the Court to perform a meaningful analysis of Plaintiff's claims.  Plaintiff's complaint clearly does not meet the requirements of Federal Rule of Civil Procedure Rule 8.  Plaintiff also makes allegations of fraud, and her allegations clearly do not meet the heightened requirements of Federal Rule of Civil Procedure 9.  The Court will allow Plaintiff to file an amended complaint.

In filing an amended complaint, Plaintiff must number each claim separately as a count and state which Defendants she is asserting her claim against.  For example, if Plaintiff's first claim is again a claim for civil theft, and she wants to assert that claim against Defendant Sally Smith,[6] the heading for the claim will look like this:

Count I: Civil Theft: Asserted Against Defendant Sally Smith.

Underneath each claim or count Plaintiff should list the law and the facts that support her claim in numbered paragraphs.  These should be short and plain statements.  Plaintiff should also include her request for relief in her amended complaint.  This is not an exhaustive list of the requirements Plaintiff must meet.  Therefore, Plaintiff should also review Federal Rules of Civil Procedure 8 and 9, any other applicable rules or case law, and the local rules of this Court to make sure her complaint is sufficient.

Plaintiff will not be given another opportunity to replead her claims.  If the next

---

[6]This is a fictional name the Court has made up to use as an example.  The Court is unaware of any Sally Smith who is connected with this case.

complaint is unintelligible, fails to state a claim, or fails to comply with the rules, it will be dismissed with prejudice.  Moreover, Plaintiff has a tendency to file multiple versions of the same document.  For example, she filed many versions of her objections to the Report and Recommendation.  This Court shall not consider more than one amended complaint. Plaintiff shall only file one amended complaint in accordance with this order.  If Plaintiff ignores this Order and files multiple amended complaints, the Court shall not consider any amended complaints filed after the first amended complaint.  Accordingly, it is hereby:

ADJUDGED that United States Magistrate Judge Lynch's Report and Recommendation **(D.E. No. )** is **AFFIRMED and ADOPTED in part**.[7]  Accordingly, it is

**ADJUDGED** that

1.      In accordance with the discussion above, Defendants Michael Cohen Investments, Ari Ben Aviator, Inc., College of Aviator Aeronautical Science and Technology's motion to dismiss, motion for more definite statement, and motion to strike (D.E. No. 18) and Defendants Key Bank USA, N.A., Key Education Resources, and Great Lakes High Education Corporation's motion to dismiss, motion to strike, and motion for a more definite statement (D.E. No. 31) are **GRANTED in PART** and **DENIED in PART**.

2.      Defendants, Educational Loan Service, Inc., Great Lakes Higher Education Corporation, and Student Loan Express are **DISMISSED without prejudice**.

3.      The claims against Defendant Key Bank, U.S.A., N.A. are **DISMISSED without**

_____

[7]The Court also notes that it adopts Magistrate Judge Lynch's recommendation that the motions to strike should be denied.  Defendant Key Education Resources may reassert the issue of insufficient service of process if appropriate after Plaintiff has filed and served her amended complaint.

**prejudice** to Plaintiff refiling this action in Ohio.

4.      Plaintiff shall file an amended complaint in accordance with the discussion above

on or before March 31, 2011.  If Plaintiff fails to file an amended complaint, this case shall

immediately be dismissed without prejudice without any further warning.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of March, 2011.


_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE


Copies provided to:
Magistrate Judge Lynch
All Counsel of Record
Patricia Lynn Hunt